UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PINSTRIPE HOLDINGS, INC.

    Plaintiff,

v.                                                  Case No. 17-cv-1331-pp

JOHN DOE,

    Defendant.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (DKT. NO. 3)**

**I.    Background**

On September 28, 2017, the plaintiff filed a verified complaint, dkt. no. 1, along with a motion for a temporary restraining order and preliminary injunction, dkt. no. 3. The complaint alleges two causes of action under the Lanham Act, 15 U.S.C. §1125(a)—trademark infringement and false advertising. Dkt. No. 1 at 11-12. Following a status conference on October 5, 2017, the plaintiff filed a renewed brief in support of its motion and attached a proposed order. Dkt. No. 8. The motion for temporary restraining order and preliminary injunction seeks an order against seven Gmail accounts hosted on Google servers and operated by an unknown person or entity. The accounts at issue include, but are not limited to: (1) infojobdesk.cielo@gmail.com; (2) hiringcielo@gmail.com; (3) cielo@gmail.com; (4) interviewcielo@gmail.com; (5) cielo.interviewdesk@gmail.com; (6) hiringdesk.cielo@gmail.com; and (7)

1

cielo.hiringdesk@gmail.com. For the reasons stated below, the court will deny the motion, without prejudice.

The plaintiff, Pinstripe Holdings, LLC, is the parent company of Cielo, Inc. Dkt. No. 1 at 1. Cielo is a Wisconsin corporation with its principal place of business located in Brookfield, Wisconsin. The plaintiff owns a trademark on "CIELO." Id. at 3, ¶11. The mark is used to describe human resources software and processes. Id. The registration application was filed in May 2014, and the mark has been registered since November 8, 2016. Id. at 4, ¶12.

The complaint alleges that starting in early August 2017, an unknown individual or unknown individuals started using the relevant Gmail accounts to pose as someone affiliated with Cielo, and to "solicit inquiries about various job opportunities allegedly available with Cielo." Id. at 5, ¶20. For example, the complaint alleges that:

> On or around August 24, 2017, a user operating the Gmail Account cielo.hiringdesk@gmail.com sent an email stating that "David Buxton" was sending the email on behalf of Cielo, and that the email recipient may be qualified for employment opportunities available with Cielo. The recipient corresponded with the operator of the cielo.hiringdesk@gmail.com Gmail Account, and received an employment offer letter for a position with Cielo on August 31, 2017. On or after September 5, 2017, the email recipient received a cashier check via Federal Express, along with instructions for depositing the funds.

Id. at 7, ¶30. Other allegations follow a similar pattern. In its supplemental brief in support of its motion, the plaintiff avers that the plaintiff "continues to receive complaints about these fraudulent e-mails for new addresses daily." Dkt. No. 8 at 1-2. The complaint alleges that the accounts have been used to send e-mails with the CIELO mark throughout August and September, 2017.

2

The plaintiff indicates that it filed a complaint with Google's Internet Crime Center. Id. at 10, ¶54. It also has filed a complaint with the City of Brookfield Police Department. Id. at 11, ¶56. On October 6, 2017—after the status conference—the plaintiff, through counsel, sent a third-party subpoena to Google, and avers that "Google was served on October 9, 2017." Dkt. No. 9 at 1, ¶2.

## II.　Analysis

The plaintiff seeks a temporary restraining order and preliminary injunction against a single, unnamed John Doe defendant. Granting the motion would "require[] the court to enjoin the activities of persons whose identities are unknown at this time." Joel v. Various John Does, 499 F.Supp. 791, 791 (E.D. Wis. 1980). "A court does not have the power to order injunctive relief against a person over whom the court has not required *in personam* jurisdiction." Id.; see also Advanced Tactical Ordnance Sys., LLC. v. Real Action Paintball, Inc., 751 F.3d 796, 800 (7th Cir. 2014) ("In order for the district court's preliminary injunction to be valid, that court had to have personal jurisdiction over the defendant."). "A court does not have the power to enjoin the behavior of the world at large." Id. (citing Chase National Bank v. City of Norwalk, 291 U.S. 431, 436-37 (1934)). Rather, "[p]ersonal jurisdiction . . . is 'an essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an adjudication.'" Ruhrgas AG v. Marathon Oil Col., 526 U.S. 574, 584 (1999) (quoting Employers Reinsurance Corp. v.

Bryant, 299 U.S. 374, 382 (1937)). "The plaintiff bears the burden of establishing personal jurisdiction." Advanced Tactical, 751 F.3d at 799.

The complaint alleges violations of the Lanham Act. "Because the Lanham Act does not have a special federal rule for personal jurisdiction . . . we look to the law of the forum for the governing rule." Id. at 800. Here, "the Wisconsin long-arm statute . . . has been interpreted to confer jurisdiction to the limits of due process, and thus courts usually focus only on whether due process authorizes personal jurisdiction and do not perform a separate inquiry under the long-arm statute." Global Imaging Acquisitions Grp. LLC. v. Rubenstein, 107 F.Supp.3d 961, 963-64 (E.D. Wis. 2015) (citing Felland v. Clifton, 682 F.3d 665, 678 (7th Cir. 2012)).

The due process clause provides that a court may exercise personal jurisdiction only where the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). "Jurisdiction over a defendant can be established either through general or specific jurisdiction." Brook v. McCormley, __ F.3d __, 2017 WL 4531687, at *2 (7th Cir. Oct. 11, 2017). The plaintiff has not alleged that the unknown defendant's contacts have been so "continuous and systematic" with Wisconsin as to warrant a finding of general jurisdiction; the court will address only specific jurisdiction. Id. (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984)).

4

"Specific jurisdiction 'refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.'" Id. (quoting GCIU-Emp'r Ret. Fund v. Goldfarb Corp., 565 F.3d 1018, 1023 (7th Cir. 2009)).

> [N]ot just any contacts will do: "For a state to exercise jurisdiction consistent with due process, the defendant's *suit-related* conduct must create a substantial connection with the forum State." [Walden v. Fiore ___ U.S. ___, 134 S.Ct. 1115, 1121 (2014)] (emphasis added). The "mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction.' Id. at 1126. Furthermore, the relation between the defendant and the forum "must arise out of contacts that the 'defendant *himself*' creates with the forum . . . ." Id. at 1122 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 529 (1985)).

Advanced Tactical, 751 F.3d at 801. The Seventh Circuit went on to note that "[t]he 'mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction[,]" id. (quoting Walden, 134 S.Ct. at 1126), and that "after Walden there can be no doubt that 'the plaintiff cannot be the only link between the defendant and the forum.'" Id. (quoting Walden, 134 S.Ct. at 1122).

Aside from a summary allegation that "[t]his Court has jurisdiction over Defendant because Defendant's actions constitute sufficient minimum contacts with Wisconsin to satisfy the terms of constitutional due process," dkt. no. 1, at 2, the plaintiff has not shown that personal jurisdiction exists. The plaintiff does not know the identity or location of the defendant. Id. at 2, ¶5. The complaint alleges that Cielo has its principal place of business in Wisconsin, id. at 2, ¶4, and that the plaintiff is suffering harm through the defendant's

5

actions. The allegations, however, do not connect the defendant to Wisconsin. And "the plaintiff cannot be the only link between the defendant and the forum." Walden, 134 S.Ct. at 1122. Nor do the allegations that the defendant has sent emails purporting to be from Cielo establish personal jurisdiction. In Advanced Tactical, the Seventh Circuit noted that emails to a customer list would not necessarily show a relation between the defendant and the forum state:

> [a]s a practical matter, email does not exist in any location at all; it bounces from one server to another, it starts wherever the account-holder is sitting when she clicks the "send" button, and it winds up wherever the recipient happens to be at that instant. The connection between where an email is opened and a lawsuit is entirely fortuitous. We note as well that it is exceedingly common in today's world for a company to allow consumers to sign up for an email list. We are not prepared to hold that this alone demonstrates that a defendant made a substantial connection to each state (or country) associated with those persons' 'snail mail' addresses . . . It may be different if there were evidence that a defendant in some way targeted residents of a specific state, perhaps through geographically-restricted online ads.

Advanced Tactical, 751 F.3d at 803. On the materials submitted to the court, and without a legal argument, the plaintiff has not satisfied the court that the court has personal jurisdiction over a John Doe defendant to enter this temporary restraining order.

The plaintiff argues that "certain exigent circumstances" allow courts to issue a TRO against a John Doe defendant. Dkt. No. 8 at 2. In support of this assertion, the plaintiff cites W.W. Williams Co. v. Google, Inc. *et al.*, No. 2:13-cv-713, 2013 WL 3812079 (S.D. Ohio July 22, 2013) and WPX Energy, Inc. v. John Doe I, No. 16-CV-581-JED-PJC, dkt. no. 13 (N.D. Okla. Sept. 26, 2016)).

Neither of these cases discusses the personal jurisdiction question—possibly because in both cases, the plaintiffs had named an identified defendant along with the John Doe defendant. Perhaps (although they do not say so), both courts concluded that they had personal jurisdiction over the *named* defendants, and so did not analyze the personal jurisdiction question with regard to the Doe defendants.

Further, the W.W. Williams case does not contain any analysis regarding whether that court had the authority to order injunctive relief against an unidentified and unknown party, or whether doing so was appropriate. The court in WPX Energy briefly acknowledged that the defendant was unknown, and that harm might continue to be done the plaintiff until it could identify the defendant. It also discussed the requirements for issuing injunctive relief without giving notice to the party to be enjoined. But, like the W.W. Williams court, it did not discuss its ability or authority to enjoin an unknown party. The court does not find either case persuasive.

Instead, the court looks to two cases from this district, Joel v. Various John Does, 499 F.Supp. 791, 792 (E.D. Wis. 1980) and American Girl, LLC v. Nameview, Inc., 381 F.Supp.2d 876, 880 (E.D. Wis. 2005), in which Judges Reynolds and Adelman each expressed concern with issuing temporary restraining orders against unnamed defendants. Judge Reynolds did so in Joel, only because the identity of the enjoined individuals would become known at a date certain in the near future. In American Girl, Judge Adelman began with the concern this court expresses—that he was not sure whether he had

7

personal jurisdiction. 381 F. Supp. 2d at 880. He also expressed reservations about the fact that the John Doe defendant's only contact with Wisconsin was a "'passive' web site." Id.

The court shares the concerns expressed by Judges Reynolds and Adelman, and will deny the motion for injunctive relief. The court does not foreclose the possibility that the plaintiff can submit facts and law to demonstrate personal jurisdiction, and thus will deny the motion without prejudice.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for a temporary restraining order and preliminary injunction. Dkt. No. 3. The court **REFERS** the case back to Judge Duffin for further proceedings.

Dated in Milwaukee, Wisconsin this 17th day of October, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**